1845.

GARR
*v.*
OGDEN.

---

Garr, administrator, &c. *v.* Ogden and others.

Where an order *pro confesso* is set aside as to non-resident defendants by the court—and they have time " to answer," they may interpose a demurrer within the time so allowed. It places them in the same situation as a defendant who is under the usual order to answer in forty days.

The bill had been taken as confessed, on an advertisement against the defendants as non-residents; but, on motion of counsel, the order *pro confesso* was set aside and the defendants were allowed leave " to put in their answer to the said bill within thirty days from the making of the order aforesaid, on payment of costs." The defendants, then, put in a general demurrer. Motion made to take it off the files. The costs had been paid.

*Jan.* 13,
1845.

*Practice.*
*Demurrer,*
*after time*
*to non-resi-*
*dent defen-*
*dant to*
*answer.*

Mr. *Garr,* for the complainant.

Mr. *Henry P. Edwards,* for the defendants.

The Vice-Chancellor :—This is not the case of an extension of the order to answer and therefore governed by the practice under the 125th rule. The defendants had been proceeded against as non-residents; and, on not appearing, the bill was taken *pro confesso.* They then applied to be let in so as to make their defence. Their notice of

Vol. IV.—79

1845.

GARR
*v.*
OGDEN.

motion was, that their default and the order taking the bill as confessed should be set aside and that they have leave to come in and defend the suit, &c. And the motion was granted by setting aside the order *pro confesso* and giving them leave, within thirty days, to put in their answer to the bill. This order to answer in thirty days is analogous to an order of course which may be entered in accordance with the appearance that a defendant answer the bill in forty days, &c. Such an order is peremptory, in terms, for it directs that the defendant put in his answer or that the bill be taken as confessed or that an attachment issue (when a discovery is necessary); and yet, notwithstanding the threat of an attachment for not answering, the defendant may plead or may demur to the whole bill, without incurring a contempt of the court. The present thirty days order granted on motion, is, in effect, to take the place of an order of course under the 24th rule ; and the defendants were, therefore, at liberty to demur, as they have done.

The motion to take the demurrer off the files must be denied ; but, as this is a point of practice about which solicitors might very honestly differ, I shall leave each party to bear his and their own costs of the motion.